WILLIAM R. GOODSPEED ET AL. APPEAL FROM COUNTY COMMISSIONERS.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

For several days in each year a highway running to a ferry-landing on the Connecticut River was submerged and made impassable by freshets, but otherwise was kept by the town in good condition and suitable for travel. The only practicable remedy was to raise it several feet into a causeway, faced with stone, above the reach of floods. *Held:* —

1. That the question whether public convenience and necessity required such a construction was essentially a question of fact for the determination of the trial court.

2. That no error was committed by the trial court in holding that freshet-water covering the highway was not a want of " repair " or an " encroachment," within the meaning of § 2674 of the General Statutes (Rev. 1902, § 2021), and that the elevated construction required to raise the roadbed above freshet limit did not constitute a " repair " of the highway.

Argued October 7th—decided December 5th, 1902.

APPEAL from the action of the County Commissioners of Middlesex County in refusing to order the repair of a high- way in the town of Haddam, taken to the Superior Court in that county and tried to the court, *Ralph Wheeler, J.*; facts found and judgment rendered sustaining the action of the county commissioners, and appeal by the applicants for alleged errors in the rulings and findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Frank D. Haines*, for the appellants (applicants).

*Rollin U. Tyler*, for the appellee (town of Haddam).

TORRANCE, C. J.   In April, 1901, the present appellants, under § 2674 of the General Statutes (Rev. 1902, § 2021), brought their written complaint to the county commissioners of Middlesex county, alleging, in substance, that the town of Haddam neglected and refused to keep a certain highway in said town in good and sufficient repair, and permitted the same to be so encroached upon that said highway had become dangerous and impassable.   The commissioners, after due hearing, found " that the allegations contained in said complaint are not sustained," and dismissed it.   The complainants then appealed to the Superior Court, and that court sustained the action of the commissioners and dismissed the appeal.

The principal question upon the present appeal is whether the facts found by the Superior Court do or do not support this judgment of dismissal.   The material facts found are, in substance, these :   The way in question is a highway which it is the duty of the town of Haddam to keep in repair.   It is about 600 feet long and about 33 feet wide, extending from the railroad tracks at Goodspeed's Station in Haddam to a public ferry-landing on the west bank of the Connecticut River.   Over this ferry are carried annually about 500 teams and much freight, and about 30,000 passengers.   " An ordinary freshet in the river causes a rise of four feet or more, making the road impassable.   The freshets have always, at

certain seasons of the year, covered a portion of the high-
way. . . . A rise of two feet in the water above normal high
tide, caused by a freshet or by a very high tide from the
Sound, accompanied by a strong blow, will cover a portion
of the roadbed with water. . . . It was impracticable for
teams to land from or to reach the ferry boat " at this land-
ing, " for the following periods of time during the years
named : 26 days in 1895, all in April ; 26 in 1896 ; 41 in
1897 ; 35 in 1898 ; 28 in 1899 ; 29 in 1900 ; 44 in 1901 ; 34
in 1902, 23 of which were in March. At all of these times
freight traffic was entirely stopped, and passenger traffic con-
siderably inconvenienced, by reason of the water over this
way. On such occasions passengers were carried in small
boats." At the time of the institution of the present pro-
ceedings " there was a freshet on the river covering a por-
tion of the highway in question, to the depth of several feet,
but it is not proved that the roadway was at the time out of
repair, or was obstructed by any encroachment, unless the
existing freshet is to be regarded as such encroachment, or
as itself putting the highway out of repair. Upon the sub-
sidence of the waters the roadbed would at times be gullied
in places, and débris of some kind might be left upon it. The
town authorities, however, had for years used due diligence
after freshets to obtain information as to its condition, and
to remove the débris, or to repair."

The complainants asked the Superior Court to order the
town to construct a causeway of earth, with stone facing,
over this highway, about 500 feet long, 25 feet wide at the
top, and practically 7 feet high. " They proposed no other
plan and asked for no other order." All parties agreed
that a causeway of lesser height would not raise the roadbed
above the reach of freshets. Except during freshets, such a
causeway would not be so convenient as the present way.
The cost of such a causeway " would be very considerable in
view of the length and character of the road, and the cost of
maintenance would be altogether uncertain." Such a cause-
way would affect to some extent the height of water and the
current of the river. " No accident of a nature at all serious

appears to have ever happened upon this highway, and while passing has at times of freshet been impracticable or inconvenient, the evidence does not establish the fact that the highway has not been in a reasonably safe condition for travelers exercising ordinary care in its use, when not covered with water. A landing-place and a highway which could be used at all periods of the year would greatly promote the public convenience, but the evidence does not satisfy me that public convenience and necessity require that the town of Haddam shall construct the causeway upon the plan proposed, or at the time of the beginning of this proceeding, required the repair of this highway."

From the finding it thus appears (1) that the highway is in times of freshet made impassable for several days in each year; (2) that aside from this it is and has been in good and sufficient repair; (3) that the only practicable way to put the road above the reach of freshets is to build a causeway substantially like the one described in the finding; (4) that public convenience and necessity does not require this to be done at present.

The appellants claim that this last conclusion, (4), is not warranted by the evidence in the case, and they ask to have the record as to that matter corrected upon the evidence certified up. The question whether public convenience and necessity required this road to be put above the reach of freshets, was essentially one of fact to be determined by the trial court; and as the record does not show that the court erred in deciding as it did, the finding as made must stand.

The appellants further claim that the court below erred in holding (1) that the water upon this road in times of freshet did not constitute a want of repair, or an encroachment, within the meaning of the statute; (2) that the work called for to put the road above the reach of freshets did not constitute a "repair" within the meaning of the statute.

Upon the facts found we think the court did not err in so holding. The case is a somewhat peculiar one. The road was in good repair, but it was built at such a level that it was liable to be flooded temporarily, more or less with water.

The only way to avoid that trouble was to make a new road-bed about seven feet above the old one, involving a radical change of level. This was not the repair of an existing road-bed: it was making a new roadbed where none had before existed. We think the statute does not cover such a case, and the judgment can be supported on that ground. It can also be supported upon another ground. Assuming, as claimed by the appellants, that the change of level in the roadbed, found to be necessary in order to avoid the water, is an act of repair within the meaning of the statute, the court has found that public necessity and convenience do not, at present, require such an act of repair to be made. This conclusion is we think well warranted by the record, and it justified the judgment rendered.

There is no error.

In this opinion the other judges concurred.